O

JS-6

cc: order, docket, remand letter to
Los Angeles Superior court, Long Beach
No. 10 U 00013

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-11,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELISA E. SANTIAGO, GIL SJ SANTIAGO; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. CV 10-04127 DDP (RZx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY FEES**<br><br>[Motion filed on August 24, 2010] |

This matter comes before the court on a Motion to Remand Case and Request for Attorney Fees filed by the plaintiff HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificated, Series 2007-11 ("HSBC Bank"). After reviewing the papers submitted by the parties, the court GRANTS the motion to remand, DENIES the request for attorney fees, and adopts the following Order.

///

///

## I. BACKGROUND

This is a residential unlawful detainer action commenced after a non-judicial foreclosure sale. On April 26, 2007, a deed of trust was executed by Elisa E. Santiago and Gil SJ Santiago ("Defendants") encumbering real property located at 5801 East Los Arcos Street in Long Beach, California. (Pl.'s Request for Judicial Notice ("RJN") Ex. 1, Deed of Trust) On December 7, 2009, the trustee or successor trustee under the deed of trust conducted a trustee's sale of the property, and HSBC Bank purchased the property. (RJN Ex. 2, Trustee's Deed Upon Sale) At the time, Defendants were in possession of the property and Defendants continue to possess the property.

On January 5, 2010, HSBC Bank filed an unlawful detainer action against Defendants in the Los Angeles County Superior Court, Long Beach Judicial District seeking to recover possession of the property. (RJN Ex. 3, Complaint) On January 7, 2010, HSBC Bank served Defendants with process. (RJN Ex. 4) On January 11, 2010, Defendants filed an Answer. (RJN Ex. 5)

On June 3, 2010, Defendants filed a Notice of Removal in this court. The Notice of Removal states that federal question jurisdiction exists because Defendants' "[principal] claim for relief concerns [HSBC Bank's] wrongful foreclosure practices" which arise under federal law.

On August 24, 2010, HSBC Bank filed a motion to remand this case and a request for attorney fees under 28 U.S.C. § 1447(c). HSBC Bank argues that (1) this court lacks subject matter jurisdiction over the unlawful detainer action and 2) Defendants' notice of removal was untimely. Because HSBC Bank filed the motion

2

1  for remand more than thirty days after the notice of removal was
2  filed, the untimeliness argument is deemed waived.  <u>Maniar v. Fed.</u>
3  <u>Deposit Ins. Co.</u>, 979 F.2d 782, 784-85 (9th Cir. 1992) (holding
4  that because untimely removal is a procedural defect, the party
5  moving for remand must move within thirty days after the filing of
6  the notice of removal).

7  **II.  DISCUSSION**

8      **A.  Improper Removal Under 28 U.S.C. § 1441(b)**

9      Only actions that could have been filed in federal court
10 originally may be removed by a defendant.  28 U.S.C. § 1441;
11 <u>Audette v. Int'l Longshoremen's and Warehousemen's Union</u>, 195 F.3d
12 1107, 1111 (9th Cir. 1999) (citing <u>Caterpillar Inc. v. Williams</u>,
13 482 U.S. 386, 392 (1987)).  One such type of case is a "federal
14 question" case, i.e., one "arising under the Constitution, laws, or
15 treaties of the United States."  28 U.S.C. § 1331.  Generally, the
16 presence or absence of federal question jurisdiction is governed by
17 the "well-pleaded complaint rule," which provides that federal
18 question jurisdiction exists only when a federal question is
19 presented on the face of the plaintiff's properly pleaded
20 complaint.  <u>Audette</u>, 195 F.3d at 1111.  Where both federal and
21 state law claims are raised in a single action, the entire case may
22 be removed.  28 U.S.C. § 1441(c).  Also, federal question
23 jurisdiction cannot be predicated on the existence of a federal
24 defense.  <u>Franchise Tax Bd. of Cal. v. Construction Laborers</u>
25 <u>Vacation Trust for S. Cal.</u>, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it
26 has been settled law that a case may not be removed to federal
27 court on the basis of a federal defense . . . .").
28 ///

1  The complaint in this unlawful detainer action raises solely issues of state law, meaning that there is no federal question jurisdiction. 28 U.S.C. § 1331. The amount in controversy does not appear to exceed $75,000, meaning that there is no diversity jurisdiction. 28 U.S.C. § 1332. Defendants' sole basis for federal jurisdiction is that HSBC Bank "must prove compliance with the Federal claims brought forth [by Defendants'] affirmative defenses." (Def. Opp. to Motion to Remand 4:1-2) There being no basis for federal subject matter jurisdiction, removal under 28 U.S.C. § 1441 was improper.

**B.  Attorney Fees Under 28 U.S.C. § 1447(c)**

Section 1447(c) provides that upon remand, a court may exercise its discretion to award attorney fees "incurred as a result of the removal." Where there is an objectively reasonable basis for seeking removal, attorney fees should be denied. Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005). The statutory purpose of awarding attorney fees is to deter abuse, unnecessary expenses and harassment that may result with improper removal. 28 U.S.C. § 1447(c).

The court denies HSBC Bank's request for attorney fees. Defendants are proceeding without the assistance of counsel. While it is black letter law that defenses arising under federal law do not create removal jurisdiction, the court does not fault the Defendants for not having the same familiarity with the nuances of federal civil procedure that a lawyer should. See NCCS Inc. v. Frank Hegardt Ind., No. C-98-2637-VRW, 1998 WL 574379 at *2 (N.D. Cal. Aug. 28, 1998).

**III. CONCLUSION**

    Because the court lacks subject matter jurisdiction, the court GRANTS HSBC Bank's motion to remand and DENIES the request for attorney fees.

IT IS SO ORDERED.

IT IS SO ORDERED.

Dated: January 18, 2011

DEAN D. PREGERSON
United States District Judge

5